Douglas T. Tabachnik (DT 6337)
LAW OFFICES OF
DOUGLAS T. TABACHNIK, P.C.
Suite C
Woodhull House
63 West Main Street
Freehold, New Jersey 07728
(732) 792-2760

and

Sander L. Esserman (SE 0356)*
Robert T. Brousseau (4873)*
Jo E. Hartwick (4109)*
STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA,
A Professional Corporation
2323 Bryan Street, Suite 2200
Dallas, Texas  75201
(214) 969-4900

Attorneys for Ad Hoc Committee of Asbestos Personal Injury Claimants

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

―――――――――――――――――――――x
| | |
|---|---|
| **In re** : | |
| : | Chapter 11 |
| **Dana Corporation,** *et al.*, : | |
| : | Case No. 06-10354 (BRL) |
| : | (Jointly Administered) |
| Debtors. : | |

―――――――――――――――――――――x

**DESIGNATION OF ITEMS TO BE INCLUDED IN RECORD ON APPEAL**

* Admitted pro hac vice.

Appellant Ad Hoc Committee of Personal Injury Asbestos Claimants[1] (the "Ad Hoc Committee") designates the following items to be included in the record on appeal for its appeal of the Order Confirming Third Amended Joint Plan of Reorganization of Debtors and Debtors in Possession entered on December 26, 2007 [Doc. No. 7509]:

| Item No.: | Docket No.: | Filing Date: | Description: |
|---|---|---|---|
| 1. | 749 | 03/29/2006 | Motion to Appoint Committee of Asbestos Personal Injury Claimants |
| 2. | 888 | 04/13/2006 | Response to Motion of Ad Hoc Committee of Asbestos Personal Injury Claimants for Order Directing the United States Trustee to Appoint an Official Committee of Asbestos Personal Injury Claimants |
| 3. | 895 | 04/13/2006 | Response to Motion- Joinder of Certain Cancer Claimants of Dana Corp., *et al.* in Support of Motion of the Ad Hoc Personal Injury Claimants for Order Directing the United States Trustee to Appoint an Official Committee of Asbestos Personal Injury Claimants |
| 4. | 896 | 04/14/2006 | Objection to Motion for Order Directing United States Trustee to Appoint an Official Committee of Asbestos Personal Injury Claimants |

---

[1] The Ad Hoc Committee of Personal Injury Asbestos Claimants consists of James J. Demahy, Individually and as the Independent Executrix of the Estate of Lydia Demahy, deceased, represented by Bryan O. Blevins, Jr., Provost Umphrey Law Firm L.L.P., Beaumont, Texas; Estelle Moore, Personal Representative of the Estate of Royce Wilfred Moore, represented by Russell Budd and Natalie Duncan, Baron & Budd, P.C., Dallas, Texas; John Hellen, Personal Representative of the Estate of Harwood Hellen, deceased, represented by Brent Coon and Lou Thompson Black, Brent Coon & Associates, Beaumont and Houston, Texas and Cleveland, Ohio; Robert Haun, represented by Steven Kazan, Kazan, McClain, Abrams, Lyons & Greenwood, A Professional Law Corporation, Oakland, California; George Winter represented by Al Brayton, Brayton Purcell, Novato and Los Angeles, California, Portland, Oregon, and Salt Lake City, Utah; and Charles Kloock represented by Thomas M. Wilson, Kelley & Ferraro, LLP, Cleveland, Ohio.

| | | | |
|---|---|---|---|
| 5. | 899 | 04/14/2006 | Opposition of Ad Hoc Committee of Dana Noteholders to Motion of Ad Hoc Committee of Personal Injury Claimants for Order Directing the United States Trustee to Appoint an Official Committee of Asbestos Personal Injury Claimants |
| 6. | 907 | 04/14/2006 | Objection of Debtors and Debtors in Possession to Motion of the Ad Hoc Committee of Personal Injury Claimants for Order Directing the United States Trustee to Appoint an Official Committee of Asbestos Personal Injury Claimants and Reply of Debtors and Debtors in Possession to Response to Motion of Ad Hoc Committee of Asbestos Personal Injury Claimants to Appoint an Official Committee of Asbestos Personal Injury Claimants |
| 7. | 909 | 04/14/2006 | Objection to Motion/Objection of the Official Committee of Unsecured Creditors to Motion of the Ad Hoc Committee of Asbestos Personal Injury Claimants for Order Directing the United States Trustee to Appoint an Official Committee of Asbestos Personal Injury claimants |
| 8. | 924 | 04/17/2006 | Omnibus Reply of the Ad Hoc Committee of Asbestos Personal Injury Claimants to the Objections of (1) the United States Trustee, (2) the Ad Hoc Committee of Dana Noteholders, (3) the Debtors and (4) the Official Committee of Unsecured Creditors to Motion for Order Directing the United States Trustee to Appoint an Official Committee of Asbestos Personal Injury Claimants |

| | | | |
|---|---|---|---|
| 9. | 927 | 04/18/2006 | Motion to Join filed on behalf of Maritime Asbestosis Legal Clinic |
| 10. | 945 | 04/19/2006 | Decision and Order Denying Motion to Appoint an Official Asbestos Committee |
| 11. | 6669 | 10/23/2007 | Third Amended Disclosure Statement with Respect to Third Amended Joint Plan of Reorganized Debtors and Debtors in Possession |
| 12. | 6671 | 10/23/2007 | Third Amended Joint Plan of Reorganized Debtors and Debtors in Possession |
| 13. | 6673 | 10/23/2007 | Order (I) Approving Disclosure Statement, (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Third Amended Joint Plan of Reorganization, (III) Scheduling Hearing on Confirmation of Third Amended Joint Plan of Reorganization and (IV) Approving Related Notice Procedures |
| 14. | 6693 | 10/25/2007 | Motion of Debtor Dana Corporation for an Order Authorizing it to File Settlement Agreements with Certain Asbestos-Related Personal Injury Plaintiffs Under Seal |
| 15. | 6709 | 10/26/2007 | Order Authorizing Debtor Dana Corporation to File Settlement Agreements with Certain Asbestos-Related Personal Injury Plaintiffs Under Seal |
| 16. | 6724 | 10/26/2007 | Motion of Debtor Dana Corporation for an Order, Pursuant to Sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rule 9019(a), Approving Certain Settlement Agreements between Dana |

| | | | |
|---|---|---|---|
| | | | Corporation and Certain Asbestos-Related Personal Injury Plaintiffs |
| 17. | 6839 | 11/01/2007 | Exhibit A- Settlement Agreements with Certain Asbestos-Related Personal Injury Plaintiffs FILED UNDER SEAL |
| 18. | 6849 | 11/08/2007 | The Ad Hoc Committee of Asbestos Personal Injury Claimants' Objection to Motion of Debtor Dana Corporation for an Order, Pursuant to Section 363 of the Bankruptcy Code and Bankruptcy Rule 9019(a), Approving Certain Settlement Agreements between Dana Corporation and Certain Asbestos-Related Personal Injury Plaintiffs and Motion to Continue the Hearing on the Settlement Agreements until the Ad Hoc Committee has had the Opportunity to Review those Agreements |
| 19. | 6916 | 11/14/2007 | Reply in Support of Motion of Debtor Dana Corporation for an Order, Pursuant to Section 363 of the Bankruptcy Code and Bankruptcy Rule 9019(a), Approving Certain Settlement Agreements between Dana Corporation and Certain Asbestos-Related Personal Injury Plaintiffs |
| 20. | 6929 | 11/15/2007 | Order Approving Certain Settlement Agreements between Dana Corporation and Certain Asbestos-Related Personal Injury Plaintiffs |
| 21. | 7030 | 11/20/2007 | Notice of Filing of Certain Exhibits to Third Amended Joint Plan of Reorganization Relating to Executory Contracts and Unexpired Leases with Attachments. |

| | | | |
|---|---|---|---|
| 22. | 7162 | 11/27/2007 | Objection to Confirmation of Plan filed by Indiana Department of Environmental Management |
| 23. | 7200 | 11/28/2007 | Objection of Lead Plaintiffs to Confirmation of Third Amended Joint Plan of Reorganization of Debtors and Debtors in Possession |
| 24. | 7202 | 11/28/2007 | Objection of the United States of America to the Third Amended Joint Plan of Reorganization of Debtors and Debtors in Possession |
| 25. | 7204 | 11/28/2007 | Objection to Confirmation of Amended Plan of Reorganization filed by Dallas County |
| 26. | 7207 | 11/28/2007 | Objection to Confirmation of Debtors' and Debtors in Possession's Plan of Reorganization field by Veyance Technologies, Inc. |
| 27. | 7208 | 11/28/2007 | The Ad Hoc Committee of Asbestos Personal Injury Claimants' Objection to the Third Amended Joint Plan of Reorganization of Debtors and Debtors in Possession |
| 28. | 7210 | 11/28/2007 | Objection to Confirmation of Amended Plan (Third Amended Joint Plan of Reorganization) filed by Ogre Holdings, Inc. |
| 29. | 7212 | 11/28/2007 | Limited Objection and Reservation of Rights of Wilmington Trust Company as Indenture Trustee with Respect to Confirmation of Third Amended Joint Plan of Reorganization of Debtors and Debtors in Possession |
| 30. | 7222 | 11/28/2007 | Objection to Third Amended Joint Plan of Reorganization filed by The Timken Company, Timken U.S. Corp. |

| | | | |
|---|---|---|---|
| 31. | 7274 | 11/29/2007 | Objection to Confirmation of Plan of Jose Angel Valdez with Exhibit |
| 32. | 7275 | 11/29/2007 | Joinder in Objection to Confirmation of Plan of Jose Angel Valdez by Cooney & Conway |
| 33. | 7318 | 12/3/2007 | Objection to Confirmation of Debtors' Third Amended Joint Plan of Reorganization of Edward W. Couch and Wendy Couch |
| 34. | 7342 | 12/4/2007 | Notice of Filing Supplements to Certain Exhibits to Third Amended Joint Plan of Reorganization Relating to Executory Contract and Unexpired Leases and Joint Venture Agreements by Dana Corporation |
| 35. | 7347 | 12/5/2007 | Debtors' Witness List for hearing to be held on 12/10/2007 |
| 36. | 7359 | 12/5/2007 | Notice of Agenda of Matters Scheduled for Hearing on December 10, 2007 |
| 37. | 7362 | 12/5/2007 | Notice of Filing Certain Exhibits to Third Amended Joint Plan of Reorganization by Dana Corporation with Exhibits |
| 38. | 7363 | 12/5/2007 | Notice of Filing of Forms of First Amended Investment Agreement and Certain Related Amended and Restated Exhibits in Connection with Confirmation of Third Amended Joint Plan of Reorganization of Debtors and Debtors in Possession by Dana Corporation with Exhibits |
| 39. | 7373 | 12/6/2007 | Certificate of Service of Witness List of Jose Angel Valdez |

| | | | |
|---|---|---|---|
| 40. | 7374 | 12/6/2007 | Declaration of Jeffrey B. Ellman Certifying the Tabulation of Votes on, and the Results of Voting with Respect to, the Third Amended Joint Plan of Reorganization of Debtors and Debtors in Possession with Exhibits |
| 41. | 7375 | 12/6/2007 | Debtors' Consolidated Reply to Objections to Confirmation of Third Amended Joint Plan of Reorganization of Debtors and Debtors in Possession and Request for Judicial Notice |
| 42 | 7376 | 12/6/2007 | Debtors' (I) Memorandum of Law in Support of Confirmation of Third Amended Joint Plan of Reorganization of Debtors and Debtors in Possession and (II) Consolidated Reply to Certain Objections to Confirmation of Third Amended Joint Plan of Reorganization of Debtors and Debtors in Possession with Exhibits |
| 43. | 7377 | 12/6/2007 | Supplemental Brief in Support of Confirmation of Third Amended Joint Plan of Reorganization of Debtors and Debtors in Possession |
| 44. | 7378 | 12/6/2007 | Declaration of William R. Hanlon |
| 45. | 7379 | 12/6/2007 | Declaration of R. Thomas Radcliffe, Jr. |
| 46. | 7380 | 12/6/2007 | Declaration of John E. Heintz in Support of Confirmation of Joint Plan of Reorganization of Dana Corporation and Certain of Its Debtors Affiliates Under Chapter 11 of the Bankruptcy Code |
| 47. | 7381 | 12/6/2007 | Declaration of Jonathan R. Terrell |

| | | | |
|---|---|---|---|
| 48. | 7386 | 12/7/2007 | Motion of Debtors and Debtors in Possession for an Order Authorizing Them to File Certain Exhibits to the Declaration of John E. Heintz, an Exhibit to the Debtors' Consolidated Reply to Objections to Confirmation of Third Amended Joint Plan of Reorganization of Debtors and Debtors in Possession and Request for Judicial Notice, Under Seal |
| 49. | 7391 | 12/7/2007 | Order Authorizing Debtors and Debtors in Possession to File Certain Exhibits to the Declaration of John E. Heintz, an Exhibit to the Debtors' Consolidated Reply to Objections to Confirmation of Third Amended Joint Plan of Reorganization of Debtors and Debtors in Possession and Request for Judicial Notice, Under Seal |
| 50. | 7395 | 12/7/2007 | Notice of Filing Exhibit B to the Declaration of John E. Heintz, an Exhibit to the Consolidated Reply to Objections to Confirmation of Third Amended Joint Plan of Reorganization of Debtors and Debtors in Possession and Request for Judicial Notice |
| 51. | 7399 | 12/7/2007 | Ogre Holdings, Inc.'s Response to Debtors' Consolidated Reply to Objections to Confirmation of Third Amended Joint Plan of Reorganization |
| 52. | 7401 | 12/7/2007 | Notice of Filing Plan Supplement |
| 53. | 7402 | 12/7/2007 | Notice of Filing Certain Amended Exhibits to the Third Amended Joint Plan of Reorganization of Debtors and Debtors in Possession |

| | | | |
|---|---|---|---|
| 54. | 7407 | 12/9/2007 | Notice of Filing of Executed First Amendment to Investment Agreement and Form of Certain Exhibits Thereto in Connection with Confirmation of Third Amended Joint Plan of Reorganization of Debtors and Debtors in Possession |
| 55. | 7416 | 12/10/2007 | Notice of Withdrawal of Objection of the Timken Company and Timken U.S. Corp. to Third Amended Joint Plan of Reorganization of Dana Corporation, et al. |
| 56. | 7423 | 12/11/2007 | So Order Stipulation and Agreed Order Between the Debtors and the Official Committee of Non-Union Retirees |
| 57. | 7503 | 12/18/2007 | Transcript of Hearing Held on December 12, 2007 |
| 58. | 7509 | 12/26/2007 | Written Opinion and Order Confirming Third Amended Joint Plan of Reorganization of Debtors and Debtors in Possession |
| 59. | 7540 | 1/3/2008 | Notice of Appeal by Ad Hoc Committee of Asbestos Personal Injury Claimants |
| 60. | 7544 | 1/4/2008 | Notice of Appeal by Jose Angel Valdez |
| 61. | 7553 | 1/8/2007 | Certain Exhibits to the Declaration of John E. Heintz, An Exhibit to the Debtors' Consolidated Reply to Objections to Third Amended Plan of Reorganization of Debtors and Debtors in Possession and Request for Judicial Notice **Filed Under Seal** |
| 62. | Transcript has been completed by transcription | | Transcript of Hearing, December 10, 2007, *In re Dana Corporation, et al.¸* Case No. 06-10354, before the |

|     |                                                                                                   |                                                                                                                                                                  |                                                                                                                                                                                                                                                      |
| --- | ------------------------------------------------------------------------------------------------- | ---------------------------------------------------------------------------------------------------------------------------------------------------------------- | ------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------ |
|     | service, but has not yet been docketed by the Clerk of the Court.                                 |                                                                                                                                                                  | Honorable Burton R. Lifland, United States Bankruptcy Judge                                                                                                                                                                                          |
| 63. | Transcript has been completed by transcription service, but has not yet been docketed by the Clerk of the Court. |                                                                                                                                                                  | Transcript of Hearing, December 11, 2007, *In re Dana Corporation, et al.*¸ Case No. 06-10354, before the Honorable Burton R. Lifland, United States Bankruptcy Judge                                                                                |
| 64. | Ad Hoc Committee of Asbestos Personal Injury Claimants Exhibit 1                                  | Received into evidence on at hearing on December 10, 2007, Transcript of Hearing, December 10, 2007, p. 95, ll. 11-12.                                          | Slides 1 through 8, DANA-56351 through DANA-56359, submitted herewith.                                                                                                                                                                               |
| 65. | Valdez Exhibit 1                                                                                  | Received into evidence on at hearing on December 11, 2007, Transcript of Hearing, December 11, 2007, pp. 222-223, ll. 23-25 and 1-2.                            | Civil Docket Report of Philadelphia Court of Common Pleas submitted herewith                                                                                                                                                                         |
| 66. | Valdez Exhibit 6                                                                                  | Received into evidence on at hearing on December 11, 2007, Transcript of                                                                                        | Forecast of Indemnity and Defense Costs to Resolve All Future Asbestos-Related Bodily Injury Claims Filed Against Dana corporation Inc. and the Amount of Such Costs Not Covered by Insurance Prepared by Thomas                                     |

11

| | | Hearing, December 11, 2007, pp. 196-197, ll. 23-25 and 1-3. | Vasquez, Ph.D., ARPC, New York, NY submitted herewith |
|---|---|---|---|
| 67. | Valdez Exhibit 13 | Received into evidence on at hearing on December 10, 2007, Transcript of Hearing, December 10, 2007, p. 214, ll. 2-11 (erroneously shown as "Ad Hoc Exhibit Number 13"). | Pro forma balance sheet with schedules submitted herewith |
| 68. | Debtors' Witness Exhibit Binder (Exhibits 1-15) | Received into evidence on at hearing on December 10, 2007, Transcript of Hearing, December 10, 2007, p. 16, ll. 3-8. | Exhibits 2-15 are submitted herewith; Excerpts of Exhibit 1 are submitted; Exhibit 1 also includes Third Amended Disclosure Statement with Respect to Third Amended Joint Plan of Reorganized Debtors and Debtors in Possession and the Third Amended Joint Plan of Reorganized Debtors and Debtors in Possession, designated as Items Numbers 1 and 2 above. The included Excerpts are not included in Items 1 or 2. |
| 69. | Debtors' Witness Exhibit Binder (Exhibits – Volume II) | Received into evidence on at hearing on December 10, 2007, Transcript of Hearing, December 10, 2007, p. 16, ll. 3-8, p. 43, | Submitted herewith. |

|     |                                         |                                                                                                                                                                          |                      |
| --- | --------------------------------------- | ------------------------------------------------------------------------------------------------------------------------------------------------------------------------ | -------------------- |
|     |                                         | ll. 13-17, and pp. 254-254, ll. 21-15 and 1-4.                                                                                                                           |                      |
| 70. | Debtors' Demonstrative Exhibits 17-19   | Received into evidence on at hearing on December 10, 2007, Transcript of Hearing, December 10, 2007, p. 16, ll. 3-8.                                                     | Submitted herewith.  |

Dated: January 11, 2008

        Respectfully submitted,

        /s/ Douglas T. Tabachnik
        Douglas T. Tabachnik (DT 6337)
        LAW OFFICES OF
        DOUGLAS T. TABACHNIK, P.C.
        Suite C
        Woodhull House
        63 West Main Street
        Freehold, New Jersey 07728
        (732) 792-2760

        and

        Sander L. Esserman (SE 0356)
        Robert T. Brousseau (4873)
        Jo E. Hartwick (4109)
        STUTZMAN, BROMBERG,
        ESSERMAN & PLIFKA,
        A Professional Corporation
        2323 Bryan Street, Suite 2200
        Dallas, Texas 75201
        (214) 969-4900

        **ATTORNEYS FOR THE**
        **AD HOC COMMITTEE OF ASBESTOS**
        **PERSONAL INJURY CLAIMANTS**

Douglas T. Tabachnik (DT 6337)
LAW OFFICES OF
DOUGLAS T. TABACHNIK, P.C.
Suite C
Woodhull House
63 West Main Street
Freehold, New Jersey 07728
(732) 792-2760


and

Sander L. Esserman (SE 0356)*
Robert T. Brousseau (RB 4873)*
Jo E. Hartwick (JH 4109)*
STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA,
A Professional Corporation
2323 Bryan Street, Suite 2200
Dallas, Texas  75201
(214) 969-4900

Attorneys for Ad Hoc Committee of Asbestos Personal Injury Claimants

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | : |
| | :   Chapter 11 |
| Dana Corporation, *et al.*, | : |
| | :   Case No. 06-10354 (BRL) |
| | :   (Jointly Administered) |
| Debtors. | : |

**STATEMENT OF ISSUES ON APPEAL**

\* Admitted pro hac vice.

Appellant Ad Hoc Committee of Personal Injury Asbestos Claimants[1] (the "Ad Hoc Committee") hereby designates the following issues for appeal of the Order Confirming Third Amended Joint Plan of Reorganization of Debtors and Debtors in Possession entered on December 26, 2007:

1.  Did the Bankruptcy Court err in confirming the Third Amended Joint Plan of Reorganization of Debtors and Debtors in Possession (the "Plan") notwithstanding the fact that the Plan impaired Class 3 Claims, asbestos personal injury claims, yet denied holders of Class 3 Claims the ability to vote to accept or reject the Plan?

2.  Did the Bankruptcy Court err in confirming the Plan when the Debtors did not meet their burden to demonstrate that the rights of holders of Class 3 Claims were not altered?

3.  Did the Bankruptcy Court err in confirming the Plan when holders of Class 3 Claims were not allowed to vote to accept or reject the Plan although the Plan did not leave the legal, equitable, and contractual rights of holders of Class 3 Claims unaltered?

---

[1] The Ad Hoc Committee of Personal Injury Asbestos Claimants consists of James J. Demahy, Individually and as the Independent Executrix of the Estate of Lydia Demahy, deceased, represented by Bryan O. Blevins, Jr., Provost Umphrey Law Firm L.L.P., Beaumont, Texas; Estelle Moore, Personal Representative of the Estate of Royce Wilfred Moore, represented by Russell Budd and Natalie Duncan, Baron & Budd, P.C., Dallas, Texas; John Hellen, Personal Representative of the Estate of Harwood Hellen, deceased, represented by Brent Coon and Lou Thompson Black, Brent Coon & Associates, Beaumont and Houston, Texas and Cleveland, Ohio; Robert Haun, represented by Steven Kazan, Kazan, McClain, Abrams, Lyons & Greenwood, A Professional Law Corporation, Oakland, California; George Winter represented by Al Brayton, Brayton Purcell, Novato and Los Angeles, California, Portland, Oregon, and Salt Lake City, Utah; and Charles Kloock represented by Thomas M. Wilson, Kelley & Ferraro, LLP, Cleveland, Ohio.

4.      Did the Bankruptcy Court err in confirming the Plan when the Plan creates a two-entity structure and channels asbestos claims to the lesser-funded entity without the safeguards mandated by 11 U.S.C. § 524(g)?

5.      Did the Bankruptcy Court err in confirming the Plan when the Plan channels asbestos claims to a non-operating entity?

6.      Did the Bankruptcy Court err in confirming the Plan when the Plan effectively channels future asbestos claims without the appointment of a future claims representative as mandated by 11 U.S.C. § 524(g)?

7.      Did the Bankruptcy Court err in confirming the Plan when the Plan denied holders of Class 3 Claims access to assets of the Debtors to satisfy their claims to which holders of Class 3 Claims previously had access?

8.      Did the Bankruptcy Court err in finding that the Plan was in the best interests of creditors of the estates when the Plan denied holders of Class 3 Claims access to assets of the Debtors to satisfy their claims which would have been available to satisfy Class 3 Claims in a liquidation under Chapter 7?

9.      Did the Bankruptcy Court err in confirming the Plan when the Plan provides holders of Class 3 Claims with a thing of value that has less value than they would have received under Chapter 7?

10.     Did the Bankruptcy Court err in confirming the Plan when the Plan allows the Debtors to denude certain Reorganized Debtors of assets that otherwise would be available to pay Class 3 Claims?

11. Did the Bankruptcy Court err in confirming the Plan when the Plan exculpates the Reorganized Debtors from any liability for transactions that impair or impede Class 3 Claims?

12. Did the Bankruptcy Court err in confirming the Plan when the Plan denies the asbestos claimants their existing rights under 11 U.S.C. § 548 and state law to challenge corporate Restructuring Transactions (as defined in the Plan)?

13. Did the Bankruptcy Court err in confirming the Plan when the Plan works as a court-approved fraudulent transfer by placing significant estate assets of the Debtors beyond the reach of asbestos claimant?

14. Did the Bankruptcy Court err in confirming the Plan when the Plan strips the entity to which asbestos claimants must look for payment of signification assets?

15. Did the Bankruptcy Court err in confirming the Plan when some Class 3 asbestos claimants receive more favorable or different treatment under a secret settlement?

16. Did the Bankruptcy Court err in confirming the Plan when the Plan improperly places liquidated and unliquidated asbestos personal injury claims in the same class when those claims are not substantially similar?

17. Did the Bankruptcy Court err in confirming the Plan when the Plan does not provide all of the Class 3 Claims with the same treatment?

18. id the Bankruptcy Court err in confirming the Plan when the Debtors provided no business reason or other justification for classifying asbestos personal injury claims separately from other general unsecured claims under the Plan?

19. Did the Bankruptcy Court err in confirming the Plan when the Debtors provided no business reason or other justification for classifying asbestos personal injury claims separately from other tort claims under the Plan?

20. Did the Bankruptcy Court err in confirming the Plan when the Plan effectively channels asbestos claims to an entity without the protections of 11 U.S.C. § 524(g)?

21. Did the Bankruptcy Court err in confirming the Plan when the Plan provides the Debtors with some of the protections afforded by 11 U.S.C. § 524(c) without meeting all of the requirements specified in 11 U.S.C. § 524(g)?

22. Did the Bankruptcy Court err in confirming the Plan when the Plan deprives holders of Class 3 Claims of protections afforded by the Bankruptcy Code?

23. Did the Bankruptcy Court err in confirming the Plan when the Plan does not comply with the provisions of 11 U.S.C. § 1129(a)(1)?

24. Did the Bankruptcy Court err in confirming the Plan when the Plan was not proposed in good faith as required by 11 U.S.C. § 1129(a)(3)?

25. Did the Bankruptcy Court err in confirming the Plan when the Plan does not comply with the requirements of 11 U.S.C. § 1129(a)(7)?

26. Did the Bankruptcy Court err in confirming the Plan when the Debtors did not demonstrate that the Plan is feasible under 11 U.S.C. § 1129 (a)(11)?

27. Did the Bankruptcy Court err in confirming the Plan when the Plan likely will lead to the liquidation or further reorganization of some of the Debtors?

28. Did the Bankruptcy Court err in confirming the Plan when the Plan violates the absolute priority rule set forth in 11 U.S.C. § 1129(v)(2)(B)?

Dated: January 11, 2008

        Respectfully submitted,

        /s/ Douglas T. Tabachnik
        Douglas T. Tabachnik (DT 6337)
        LAW OFFICES OF
        DOUGLAS T. TABACHNIK, P.C.
        Suite C
        Woodhull House
        63 West Main Street
        Freehold, New Jersey 07728
        (732) 792-2760

        and

        Sander L. Esserman (SE 0356)
        Robert T. Brousseau (RB 4873)
        Jo E. Hartwick (JH 4109)
        STUTZMAN, BROMBERG,
        ESSERMAN & PLIFKA,
        A Professional Corporation
        2323 Bryan Street, Suite 2200
        Dallas, Texas 75201
        (214) 969-4900

        **ATTORNEYS FOR THE**
        **AD HOC COMMITTEE OF ASBESTOS**
        **PERSONAL INJURY CLAIMANTS**