JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Corinne Ball (CB 8203)
Steven C. Bennett (SB 2746)

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
Heather Lennox (HL 3046)
Robert Hamilton (RH 3130)

Attorneys for Reorganized Debtors

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
:
In re :
:
: Case Nos. 1:08-CV-01037 (PAC)
Dana Corporation, *et al.*, : 1:08-CV-01038 (PAC)
:
:
Appellee. :
:
----------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF REORGANIZED**
**DEBTORS TO CONSOLIDATE APPEALS**

Appellee Dana Corporation ("Dana") along with its other affiliate debtors (collectively,

the "Reorganized Debtors") hereby file this Memorandum of Law in support of their motion (the

"Motion") to consolidate the above captioned appeals from the bankruptcy court, now docketed

in the Southern District of New York District Court as Case No. 1:08-CV-01037 and Case No.

1:08-CV-01038.

## PRELIMINARY STATEMENT

On December 26, 2007, the United States Bankruptcy Court for the Southern District of New York entered the Order Confirming Third Amended Joint Plan of Reorganization of Debtors and Debtors In Possession (the "Order") (Docket No. 7509).

## JURISDICTION

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 158(a) and 1334. Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

## BACKGROUND

On January 3, 2008, Appellant Ad Hoc Committee of Personal Injury Asbestos Claimants (the "Ad Hoc Committee") filed a Notice of Appeal of the Order with the United States Bankruptcy Court for the Southern District of New York (Docket No. 7540), commencing appeal proceedings in the United States District Court for the Southern District of New York. On January 11, 2008, the Ad Hoc Committee filed a Statement of Issues on Appeal with the Bankruptcy Court (Docket No. 7604).

On January 4, 2008, Appellant Jose Angel Valdez ("Valdez," and, together with the Ad Hoc Committee, "Appellants") filed a Notice of Appeal of the Order with the United States Bankruptcy Court for the Southern District of New York (Docket No. 7544), likewise commencing appeal proceedings in the United States District Court for the Southern District of New York. On January 14, 2008, Valdez filed his Statement of Issues on Appeal with the Bankruptcy Court (Docket No. 7622).

The appeals have been assigned district court case Nos. 1:08-CV-01037 and 1:08-CV-01038, respectively.

Both appeals arise from the same Order of the Bankruptcy Court based on a single evidentiary record supported by the same set of factual and legal conclusions.

**RELIEF REQUESTED**

The Reorganized Debtors hereby respectfully request that the court grant the Motion, and consolidate the above captioned appeals filed by the Appellants.

**ARGUMENT**

The issues presented in each appeal significantly overlap, and the designated records on appeal are substantially similar. Under the circumstances, the appeals meet the definition of "related cases" under Southern District of New York Local Rule 15(a).[1]

Federal Rule of Civil Procedure 42 and Federal Rule of Bankruptcy Procedure 7042 provide that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a). "[W]hen a common question of law or fact exists in separate actions a court may elect to consolidate those actions in the interests of judicial economy." Gravel and Shea v. Vermont Nat. Bank, 150 B.R. 889, 891-92 (D. Vt. 1993) (finding consolidation of appeals proper under Fed. R. Civ. P. 42(a) and Fed. R. Bankr. P. 7042 where the two appeals involved common issues of law and fact, and where "it strikes the court that consolidating these two appeals serves not only the interests of efficiency and economy but the interests of the parties"). The court has broad discretion in deciding whether consolidation is desirable. Plough v. Baltimore & Ohio Railroad Co., 172 F.2d 396, 397 (2d Cir. 1949), cert. denied 337 U.S. 940 (1949).

---

[1] S.D.N.Y. Local R. 15(a) states, in pertinent part, as follows: "Subject to the limitations set forth below, a civil case will be deemed related to one or more other civil cases and will be transferred for consolidation or coordinated pretrial proceedings when the interests of justice and efficiency will be served. In determining relatedness, a judge will consider whether (i) a substantial saving of judicial resources would result; or (ii) the just efficient and economical conduct of the litigations would be advanced; or (iii) the convenience of the parties or witnesses would be served."

NYI-4061212v2

**CONCLUSION**

The consolidation of these appeals (which address the same legal issues and arise out of the same Order), will advance the interests of justice and efficiency, and will result in a substantial savings of judicial resources. For these reasons, the Reorganized Debtors request that the Court grant the motion to consolidate the appeals and provide for such other and further relief as the Court may deem just and proper. A proposed form of order is annexed to the Motion as <u>Exhibit A</u>.

Dated: New York, New York
      February 5, 2008

Respectfully submitted,

/s/ Corinne Ball_____
Corinne Ball (CB 8203)
Steven C. Bennett (SB 2746)
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

Heather Lennox (HL 3046)
Robert W. Hamilton (RH 3130)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

ATTORNEYS FOR REORGANIZED
DEBTORS

NYI-4061212v2