**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re ) | |
| ) | |
| ) | **1:08-cv-01037 (PAC)** |
| DANA CORPORATION, et al., ) | |
| ) | |
| Debtors, ) | |
| ) | |
| THE AD HOC COMMITTEE OF ) | |
| ASBESTOS PERSONAL INJURY ) | |
| CLAIMANTS and JOSÉ ANGEL VALDEZ, ) | |
| ) | |
| Appellants. ) | |

**APPELLANT AD HOC COMMITTEE OF ASBESTOS PERSONAL INJURY**
**CLAIMANTS' SUGGESTION OF LACK OF SUBJECT MATTER**
**JURISDICTION IN THE BANKRUPTCY COURT TO ENJOIN CERTAIN**
**ACTIONS AGAINST NON-DEBTOR ENTITIES IN LIGHT**
**OF *IN RE JOHNS-MANVILLE CORP.*,**
**NO. 06-2099-bk, 2008 WL 399010 (2d CIR. FEB. 15, 2008)**
**AND REQUEST FOR SUPPLEMENTAL BRIEFING SCHEDULE**

On February 15, 2008, the United States Court of Appeals for the Second Circuit

issued an opinion regarding limits to the subject matter jurisdiction of a bankruptcy court

to enter injunctions in favor of third-party non-debtors. *See In re Johns-Manville Corp.*,

No. 06-2099-bk, 2008 WL 399010 (2d Cir. Feb. 15, 2008). In light of that Court's

opinion and its concomitant approval of the Fifth Circuit's analysis and decision in *In re*

*Zale Corp*, 62 F.3d 746, 753-54 (5th Cir. 1995), which also narrowly defines a

bankruptcy court's subject matter jurisdiction to enter non-debtor injunctions, Appellants

suggest that the Bankruptcy Court below had no subject matter jurisdiction to enter

injunctions enjoining actions against non-debtors, Dana Holding Corporation and Dana

Limited.

Lack of subject matter jurisdiction may be raised at any time and cannot be

waived.  *See Kontrick v. Ryan*, 124 S.Ct. 906, 915, 540 U.S. 443, 455 (2004)

(recognizing that "[a] litigant generally may raise a court's lack of subject-matter

jurisdiction at any time in the same civil action, even initially at the highest appellate

instance").  "[L]ack of subject matter jurisdiction may be asserted at any time by the

parties or the court, *sua sponte*, prior to, during, or after trial, even at the appellate level."

*Wills v. Ferrandino*, 830 F.Supp. 116, 123 (D. Conn. 1993) (*citing Clark v. Paul Gray,*

*Inc.*, 306 U.S. 583, 59 S.Ct. 744 (1939.

**A.**    **The Second Circuit's new opinion in *Manville* casts doubt upon the**
**Bankruptcy Court's subject matter jurisdiction to enter the**
**Confirmation Injunction in favor of non-debtors**

In *In re Johns-Manville Corp.*, No. 06-2099-bk, 2008 WL 399010 (2d Cir. Feb.

15, 2008), the Second Circuit recognized that an injunction in a bankruptcy court's

confirmation order can only be as broad as the court's subject matter jurisdiction.  *Johns-*

*Manville Corp.*, No. 06-2099-bk, 2008 WL 399010 at *9.  Adopting the Fifth Circuit's

analysis in *In re Zale Corp.*, 62 F.3d 746 (5th Cir. 1995), the Second Circuit concluded

that a bankruptcy court had no subject matter jurisdiction to enjoin actions based on a

breach of a state law created duty (i) where claimants sought to recover directly from the

non-debtor defendant, (ii) where the claimants sought to recover solely from the assets of

the non-debtor defendant, and (iii) where recovery from the non-debtor defendant would

not have an effect on the debtor's bankruptcy estate.  *Johns-Manville Corp.*, 2008 WL

399010 at *11.

As noted, the *Manville* Court adopted the Fifth Circuit's analysis in *In re Zale*

*Corp.*, 62 F.3d 746 (5th Cir. 1995).  In *Zale*, the Fifth Circuit held that a bankruptcy court

had no subject matter jurisdiction to enjoin third-party, non-debtor actions, regardless of

whether the action arises out of conduct engaged in during a bankruptcy case or an

agreement entered into pursuant to a bankruptcy plan.  More particularly, the Fifth

Circuit held that:

> Because [the parties to the enjoined lawsuit] are not debtors and because
> the property at issue—the bad faith claims—is not property of the estate,
> the bankruptcy court would have no jurisdiction over the tort claims . . .
> Moreover, the tort claims do not implicate an independent obligation of
> [the debtor] in favor of [the non-debtor defendant in the enjoined lawsuit] .
> . . For these reasons, the settlement cannot provide the basis for
> jurisdiction over the bad faith claims.  Accordingly [the defendant's] and
> [the debtor's] attempt to establish jurisdiction fails, and the bankruptcy
> court had no jurisdiction over . . .  tort actions against [the non-debtor
> defendant].

*Id.* at 756-57.

In the Order Confirming Third Amended Joint Plan of Reorganization of Debtors

and Debtors in Possession (the "Confirmation Order") that is the subject of this appeal,

the Bankruptcy Court permanently enjoined "[a]ll Persons that have held, currently hold

or may hold any Liabilities[1] released or exculpated pursuant to Sections IV.E.6 and

IV.E.7 of the Plan" from commencing, continuing or enforcing any action on account of

such released Liabilities (the "Confirmation Injunction").  Confirmation Order at 41, ¶

20.  Section IV.E.7 of the Plan exculpates all Released Parties from any liability for act

"taken in connection with the Debtors' restructuring.  Plan at 37, Section IV.E.7.

Because of the Plan's definitions of Released Parties and Reorganized Debtors, the

Confirmation Order permanently enjoins any action against non-debtor third parties.

---

[1] The Confirmation Order provides that "[a]ll capitalized terms used by not defined herein have the meaning given to them in the Plan." Confirmation Order at 1, n.1.  The Plan defines "Liabilities" to include claims, obligations, suits, judgments, damages, demands, debts, rights, causes of actions and liabilities whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown.  Third Amended Joint Plan of Reorganization of Debtors and Debtors in Possess (the "Plan") at 11-12, ¶ 111.

3

Under the Second Circuit's holding in *Johns-Manville Corp.*, the Bankruptcy Court

lacked subject matter jurisdiction to enter the Confirmation Order because it enjoins

actions against non-debtor defendants.

**B.      Request for Briefing Schedule**

In light of the Second Circuit's decision in *Manville*, the Ad Hoc Committee

respectfully requests this Court to enter an order permitting it and the other parties to this

appeal the opportunity to file supplemental briefs limited to the subject matter jurisdiction

of the Bankruptcy Court to enter the Confirmation Order.

Dated:  April 10, 2008

Respectfully submitted,

/s/ Douglas T. Tabachnik
Douglas T. Tabachnik (DT 6337)
LAW OFFICES OF
DOUGLAS T. TABACHNIK, P.C.
Suite C
Woodhull House
63 West Main Street
Freehold, New Jersey 07728
(732) 792-2760

and

Sander L. Esserman (SE 0356)*
Robert T. Brousseau (RB 4873)*
Jo E. Hartwick (JH 4109)*
STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA,
A Professional Corporation
2323 Bryan Street, Suite 2200
Dallas, Texas  75201
(214) 969-4900

**ATTORNEYS FOR THE**
**AD HOC COMMITTEE OF ASBESTOS**
**PERSONAL INJURY CLAIMANTS**

*Admitted pro hac vice.