UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | ) |
| | ) |
| | )  1:08-cv-01037 (PAC) |
| DANA CORPORATION, et al., | ) |
| | ) |
| Debtors, | ) |
| | ) |
| THE AD HOC COMMITTEE OF | ) |
| ASBESTOS PERSONAL INJURY | ) |
| CLAIMANTS, | ) |
| | ) |
| Appellants. | ) |

**APPELLANTS' SUPPLEMENTAL BRIEF REGARDING BANKRUPTCY COURT'S LACK OF SUBJECT MATTER JURISDICTION TO ENJOIN CERTAIN ACTIONS AGAINST NON-DEBTOR ENTITIES**

Douglas T. Tabachnik (DT 6337)
**LAW OFFICES OF DOUGLAS T. TABACHNIK, P.C.**
Suite C
Woodhull House
63 West Main Street
Freehold, New Jersey 07728
Telephone: (732) 792-2760
Facsimile: (732) 792-2761

and

**STUTZMAN, BROMBERG, ESSERMAN & PLIFKA,**
A Professional Corporation
Sander L. Esserman (SE0356)*
Robert T. Brousseau (RB 4873)*
Jo E. Hartwick (JH 4109)*
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 969-4900
Facsimile: (214) 969-4999

* Admitted pro hac vice.

I.
# TABLE OF CONTENTS

II)     TABLE OF AUTHORITIES ................................................................................ ii

III)    INTRODUCTION .............................................................................................. 1

IV)     ARGUMENT ...................................................................................................... 2

        A.   Bankruptcy courts lack subject matter jurisdiction to enjoin third-party, non-debtor actions, except when unusual circumstances exist. .................................................... 2

        B.   The case at bar mirrors *In re Zale Corp.* in which the Fifth Circuit held that independent state law causes of action against third-party non-debtors for torts committed during a bankruptcy were outside the bankruptcy court's subject matter jurisdiction. ........................... 6

        C.   The Second Circuit's recent Manville opinion held that the bankruptcy court lacked subject matter jurisdiction to enter a similar injunction under similar circumstances. ................................................................................ 9

V)     CONCLUSION. ................................................................................................ 10


## II.
## TABLE OF AUTHORITIES

**A.  CASES**                                                                                       **PAGE**

*In re Cont'l Airlines*, 203 F.3d 203 (3d Cir. 2000) .................................  2

*In re Dow Corning Corp.*, 280 F.3d 648 (6th Cir. 2002), *cert. denied*, 537 U.S. 816 (2002) ..................................................  4

*In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285 (2d Cir. 1992) ................................................................................  3

*In re Johns-Manville Corp.*, 517 F.3d 52 (2d Cir. 2008) ..................  1, 3, 4, 6, 9, 10

*Johns-Manville Corp.*, 801 F.2d 60 (2d Cir. 1986) .........................  4

*MacArthur Co. v. Johns-Manville Corp.*, 837 F.2d 89 (2d Cir. 1988) ................................................................................  4

*In re Metromedia Fiber Network, Inc.*, 416 F.3d 136 (2d Cir. 2005) ................................................................................  3, 4, 5

*Resorts Int'l, Inc. v. Lowenschuss*, 67 F.3d 1394 (9th Cir. 1995) ...  1, 2, 3

*In re Richard Potasky Jeweler, Inc.*, 222 B.R. 816 (S.D. Ohio 1998) ................................................................................  5

*In re Specialty Equip. Cos., Inc.*, 3 F.3d 1043 (7th Cir. 1993) ........  3

*In re W. Real Estate Fund, Inc.*, 922 F.2d 592 (10th Cir. 1990) (*per curiam*) .........................................................................  3

*In re Zale Corp.*, 62 F.3d 746 (5th Cir. 1995) .................................  1, 2, 6, 7, 8, 9

**B.  STATUTORY PROVISIONS**

11 U.S.C § 524(e) ............................................................................  2, 3

11 U.S.C § 524(g) ............................................................................  3, 9

11 U.S.C. § 105(a) .................................................................................... 4

Case 1:08-cv-01037-PAC     Document 30     Filed 05/09/2008     Page 4 of 15

### III.   INTRODUCTION

Dana's letter resisting briefing of the important matter of the Bankruptcy Court's lack of jurisdiction pretends that the Ad Hoc Committee's members are not affected by the Plan and Confirmation Order.  It disingenuously points to Paragraph 21 of the Confirmation Order ("[N]othing in this Order or in the Plan shall prevent the holders of Asbestos Personal Injury Claims from exercising their rights against any applicable Debtor or Reorganized Debtor or its Estate or Assets ***with respect to their Asbestos Personal Injury Claims.*"**).  By using the term *Asbestos Personal Injury Claims*—a term that does not include state-law fraudulent transfer claims—Dana attempts to avoid the asbestos victims' true argument:  that in the face of continuing asbestos liability Dana has siphoned all valuable assets off into **non-debtor companies** and then used the Bankruptcy Court to "enjoin" and "discharge" and "release" and "exculpate" non-debtors.  It is these asset-rich non-debtor defendants that are improperly protected by the Plan and Confirmation Order, a result that is not only forbidden by the Bankruptcy Code, s*ee e.g., Resorts Int'l, Inc. v. Lowenschuss*, 67 F.3d 1394, 1401 (9th Cir. 1995); *In re Zale Corp.*, 62 F.3d 746, 761 (5th Cir. 1995), but that is beyond the subject matter jurisdiction of the court.  See *In re Johns-Manville Corp.*, 517 F.3d 52 (2d Cir. 2008).   Once the gutted resources of the real debtor, old Dana, are used up, it will no longer be capable of satisfying asbestos judgments.  This scenario reeks of fraudulent transfer and yet the Bankruptcy Court's improper view of its own subject matter jurisdiction led it to "protect" these asset-transferee non-debtors from suits arising out of this


restructuring. Debtor tries to divert this Court's attention by pointing to irrelevant provisions of the Plan and Confirmation Order that cleverly "carve out" the highly-technically defined "Asbestos Personal Injury Claims" from certain injunctions. Tellingly, these "carve-outs" do not apply to the asbestos claimants' state court causes of action for asset stripping. Indeed, the Debtors cannot even point to a "carve-out" that is applicable to the very "restructuring" transactions that have denuded the asbestos defendant Dana Corporation. They keep pointing to Confirmation Order Paragraph 21 and hoping that this Court will not read its plain language. The Plan and Confirmation Order are designed to protect newly-created Dana Holding Corporation and Dana Limited when neither is a debtor in this or any other bankruptcy. The case law below demonstrates that the Bankruptcy Court has no subject matter jurisdiction to protect such a scheme.

## IV. ARGUMENT

**A. Bankruptcy courts lack subject matter jurisdiction to enjoin third-party, non-debtor actions, except when unusual circumstances exist.**

Under Code § 524(e), "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." 11 U.S.C § 524(e); *See In re Cont'l Airlines*, 203 F.3d 203, 211 (3d Cir. 2000). Many circuits have held that section 524(e) prohibits approval of third party releases and injunctions.[1] Those courts that have allowed third-party bankruptcy injunctions did

---

[1] *See Lowenschuss*, 67 F.3d at 1401 (stating "this court has repeatedly held, without exception, that § 524(e) precludes bankruptcy courts from discharging the liabilities of non-debtors"); *In re Zale Corp.*, 62 F.3d at 761 (holding "because the permanent injunction as entered improperly discharged a potential debt of CIGNA, a

2

so under the rarest of circumstances. *See e.g., In re Metromedia Fiber Network, Inc.*, 416 F.3d 136, 141 (2d Cir. 2005); *In re Specialty Equip. Cos., Inc.*, 3 F.3d 1043 (7th Cir. 1993). In fact, the Ninth Circuit has noted that Congress' enactment of §524(g) "buttresses" the conclusion that the Bankruptcy Court is powerless to protect non-debtors.

> A recent amendment to the Bankruptcy Code buttresses our conclusion that §524(e) does not permit bankruptcy courts to release claims against non-debtors. The Bankruptcy Reform Act of 1994 added §524(g) to the Code. That section provides that in asbestos cases, if a series of limited conditions are met, an injunction issued in connection with a reorganization plan may preclude litigation against third parties. The numerous requirements of §524(g) make it clear that this subsection constitutes a narrow rule specifically designed to apply in asbestos cases only, where there is a trust mechanism and the debtor can prove, among other things, that it is likely to be subject to future asbestos claims. See 11 U.S.C. §524(g)(2)(B). That Congress provided explicit authority to bankruptcy courts to issue injunctions in favor of the third parties in an extremely limited class of cases reinforces the conclusion that §524(e) denies such authority in other, non-asbestos cases. *Lowenschuss*, 67 F. 3d at 1406 n.6.

The Second Circuit has now held such injunctions not only violate the Code, they exceed the very limits of the bankruptcy court's jurisdiction. *Manville*, 517 F.3d at 66 ("*[A] bankruptcy court only has jurisdiction to enjoin third-party non-debtor claims that directly affect the* res *of the bankruptcy estate.*")(emphasis added).

In rare cases the Second Circuit has permitted enjoining a creditor from suing a third party, but only if "the injunction plays an important part in the debtor's reorganization plan." *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d

---

nondebtor, the bankruptcy court exceeded its powers under § 105"); *In re W. Real Estate Fund, Inc.*, 922 F.2d 592, 600-02 (10th Cir. 1990) (*per curiam*).

285, 293 (2d Cir. 1992). "While none of [the Court's] cases explains when a nondebtor release is 'important' to a debtor's plan, it is clear that such a release is proper only in rare cases." *Metromedia*, 416 F.3d at 141. *See also In re Dow Corning Corp.*, 280 F.3d 648, 658 (6th Cir. 2002), *cert. denied*, 537 U.S. 816 (2002)("[b]ecause such an injunction is a dramatic measure to be used cautiously, we follow those circuits that have held that enjoining a non-consenting creditor's claim is only appropriate in '***unusual circumstances.***'")(emphasis added).

The few courts that have enjoined actions against third-party non-debtors have predicated their authority on Section 105 of the Bankruptcy Code, which allows a bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." *See* 11 U.S.C. § 105(a). Section 105's sweep, however, is not unlimited and "[a]ny power that a judge enjoys under section 105(a) must derive ultimately from some other provision of the Bankruptcy Code." *Metromedia,* 416 F.3d at 142. More importantly, section 105 does not provide an independent source of federal subject matter jurisdiction. *Johns-Manville Corp.*, 801 F.2d 60, 63 (2d Cir. 1986) (stating "[s]ection 105(a) does not, however, broaden the bankruptcy court's jurisdiction, which must be established separately").

Bankruptcy courts' subject matter jurisdiction is limited to *in rem* jurisdiction over the debtor and the debtor's estate. *Manville*, 517 F.3d at 66 ("[A] bankruptcy court only has jurisdiction to enjoin third-party non-debtor claims that directly affect the res of the bankruptcy estate; *MacArthur Co. v. Johns-Manville*

4

*Corp.,* 837 F.2d 89, 91 (2d Cir. 1988). That is why "a common thread can be discerned running through all of the "unusual circumstances" cases—all are either connected to the property or to the administration of the debtor's estate." *In re Richard Potasky Jeweler, Inc.*, 222 B.R. 816, 826 (S.D. Ohio 1998).

Dana has presented no "unusual circumstances" that would provide the Bankruptcy Court with subject matter jurisdiction to enjoin state law fraudulent transfer causes of action against Dana Holding Corporation and Dana Limited. These non-debtors were formed *on the eve of confirmation* of the Debtors' bankruptcy case for purposes of effectuating the corporate "restructuring" called for under the Plan: they are artificial entities created as separate legal entities from the Debtors. Neither is—and never has been—a debtor in these bankruptcy cases or played any role them.

When state law fraudulent transfer actions are filed against these non-debtor entities for their acquisition of the income producing assets of the Debtors for no consideration, those state law claims will be against non-debtor entities. Any recovery by the plaintiffs will be limited to the funds of those non-debtor companies and will not impair the assets of the Debtors' bankruptcy estates. Therefore, the asbestos claimants' causes of action against the non-debtor Dana companies that the Plan purports to enjoin affect neither the property of the Debtors' estate nor the administration of those estates. Accordingly, the fraudulent transfer actions do not fall within the Bankruptcy Court's limited *in rem* subject matter jurisdiction.

B.  **The case at bar mirrors *In re Zale Corp.* in which the Fifth Circuit held that independent state law causes of action against third-party non-debtors for torts committed during a bankruptcy were outside the bankruptcy court's subject matter jurisdiction.**

The facts here are strikingly similar to *In re Zale Corp.*, 62 F.3d 746 (5th Cir. 1995), a case expressly approved by the Second Circuit's 2008 Manville decision. *Manville*, 517 F.3d at 64-65. Zale filed for bankruptcy relief and its creditors' committee indicated that it planned to initiate tort claims against certain of Zale's officers and directors. Zale had a directors and officers insurance policy with CIGNA with a limit of $10 million and an excess directors and officer insurance policy with NUFIC. Settlement discussions between Zale and the creditors' committee resulted in a settlement agreement whereby certain Zale officers and directors agreed to a $32 million judgment to be satisfied solely out of insurance proceeds. The officers and directors would then assign to Zale all rights under the directors and officers insurance policies and rights of contribution or indemnification against third parties arising out of their activities as directors of Zale. CIGNA agreed to pay $10 million into the settlement fund; Zale, in turn, agreed to pay CIGNA $1.5 million in cash and up to $2.5 million in proceeds from suits against other third parties. The bankruptcy court approved the settlement agreement, which included an injunction purporting to preclude NUFIC from suing the non-debtor settling parties for their actions in relation to the settlement.

NUFIC in fact later sued CIGNA, asserting tort claims for bad faith in regard to certain actions CIGNA took during the settlement negotiations. CIGNA attempted to enforce the bankruptcy court injunction. The Fifth Circuit, however,

6

held that the bankruptcy court had no subject matter jurisdiction to enjoin a tort claim by a creditor against a debtor's insurer for bad faith when the claim does not implicate the debtor and does not affect the debtor's estate. *In re Zale*, 62 F.3d at 756. The Fifth Circuit found it important that the causes of actions were not "property of the bankruptcy estate" within the meaning of Code §541. Instead, they were property of the non-debtor plaintiffs, seeking to recover against non-debtor defendants:

> Those cases in which courts have upheld "related to" jurisdiction over third-party actions do so because the subject of the third-party dispute is property of the estate, or because the dispute over the asset would have an effect on the estate. Conversely, courts have held that a third-party action does not create "related to" jurisdiction when the asset in question is not property of the estate and the dispute has no effect on the estate. Shared facts between the third-party action and a debtor-creditor conflict do not in and of themselves suffice to make the third-party action "related to" the bankruptcy.

*In re Zale Corp*, 62 F.3d 746, 753-54 (5th Cir. 1995).

The Fifth Circuit found no subject matter jurisdiction to enjoin non-debtor actions, regardless of whether the actions arose out of conduct engaged in during a bankruptcy case or an agreement entered into pursuant to a bankruptcy plan.

> Because CIGNA, [the directors], and NUFIC are not debtors and because the property at issue—the bad faith claims—is not property of the estate, the bankruptcy court would have no jurisdiction over the tort claims . . . Moreover, the tort claims do not implicate an independent obligation of Zale in favor of CIGNA . . . For these reasons, the settlement cannot provide the basis for jurisdiction over the bad faith claims. Accordingly CIGNA and Zale's attempt to establish jurisdiction fails, and the bankruptcy court had no jurisdiction over . . . NUFIC's tort actions against CIGNA.

7

*Id.* at 756-57. The issue was "not whether the bankruptcy court had jurisdiction over the settlement and CIGNA, but whether the bankruptcy court had jurisdiction over an attempt to enjoin actions between . . . NUFIC and CIGNA." *Id.* at 755.

Dana is no different than *Zale*. Just as NUFIC had tort claims against non-debtor CIGNA for bad faith relating to CIGNA's conduct during the negotiation and execution of an agreement entered into during Zale's bankruptcy, so too do the asbestos claimants have tort claims against non-debtors Dana Holding Corporation and Dana Limited — the fraudulent transfer actions — for their acquisition of the income producing assets of the Debtors for inadequate consideration. Here as in *Zale*, neither the asbestos claimants nor Dana Holding Corporation nor Dana Limited are debtors. As in *Zale*, the asbestos claimants' state court causes of action are not property of the Debtors' bankruptcy estates. As in *Zale*, the asbestos claimants' causes of action against Dana Holding or Dana Limited do not implicate an independent obligation of the Debtors in favor of those companies. Consequently, here, as in *Zale*, the Bankruptcy Court did not have jurisdiction to enjoin claims against non-debtors arising out of their improper acquisition of the Debtors' assets.

8

C.     **The Second Circuit's recent Manville opinion held that the bankruptcy court lacked subject matter jurisdiction to enter a similar injunction under similar circumstances.**

On February 15, 2008, the Second Circuit made clear that the Dana injunctions fall well outside the subject matter jurisdiction of the Bankruptcy Court. *Manville Corp.*, 517 F.3d 52. In *Manville*, certain asbestos plaintiffs sought to recover damages against Travelers — Johns-Manville's principal insurer — asserting that "Travelers violated alleged duties to disclose certain asbestos-related information it learned from Manville during Travelers' long tenure as Manville's primary insurer." *Manville*, 517 F.3d at 58. Both the bankruptcy court and the reviewing district court held that the asbestos claimants' actions against Travelers were enjoined by the bankruptcy court's 1986 confirmation order, which established a trust/injunction construct that would later become the template for Section 524(g) of the Bankruptcy Code.

In reversing, the Second Circuit held that the injunction in the bankruptcy court's 1986 confirmation order could only be as broad as the court's subject matter jurisdiction. Relying heavily on the analysis in *Zale*, the Second Circuit concluded that the bankruptcy court had no subject matter jurisdiction to enjoin actions based on a breach of a state law created duty where (i) claimants sought to recover directly from the non-debtor tort feasor, (ii) the claimants sought to recover solely from the assets of the non-debtor tort feasor, and (iii) recovery from the non-debtor tort feasor would not have an affect on the debtor's bankruptcy estate. *Manville*, 517 F.3d at 68. The Court vacated the bankruptcy court's injunctive order, which—

like the Confirmation Order in Dana—purported to enjoin actions by third-party, non-debtor plaintiffs against third-party, non-debtor defendants to recover solely from the defendants for torts committed by the defendants.  As *Manville* makes clear, "*a bankruptcy court only has jurisdiction to enjoin third-party non-debtor claims that directly affect the* res *of the bankruptcy estate.*"  *Manville*, 517 F.3d at 66 (emphasis added).   Here, the Bankruptcy Court's attempts to use its limited injunctive powers to proscribe actions against the non-debtor Dana companies exceeded its subject matter jurisdiction.

## V. Conclusion

For the foregoing reasons the Confirmation Order should be vacated, together with such other and further relief as to this court seems just and proper.

**[Remainder of Page Intentionally Left Blank]**

Dated: May 9, 2008

Respectfully submitted,

/s/ Douglas T. Tabachnik
Douglas T. Tabachnik (DT 6337)
LAW OFFICES OF
DOUGLAS T. TABACHNIK, P.C.
Suite C
Woodhull House
63 West Main Street
Freehold, New Jersey 07728
(732) 792-2760

and

Sander L. Esserman (SE 0356)
Robert T. Brousseau (RB 4873)
Jo E. Hartwick (JH 4109)
STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA,
A Professional Corporation
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
(214) 969-4900

**ATTORNEYS FOR THE
AD HOC COMMITTEE OF ASBESTOS
PERSONAL INJURY CLAIMANTS**